**FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| Jane Doe, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25cv-1576 |
| | ) | |
| Unknown Entity, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**

Plaintiff Jane Doe ("Plaintiff") alleges as follows:[1]

**NATURE OF THIS ACTION**

1.      This is an action ("Action") for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      Plaintiff brings this Action for infringement of one or more claims of U.S. Design Patent Nos. D1,056,611 ("the 'D611 Patent") and D1,080,289 ("the 'D289 Patent") (collectively the "Asserted Patents"), both of which are entitled "Meat Grinder." True and correct copies of the 'D611 Patent and 'D289 Patent are attached as Exhibits A and B, respectively.

**THE PARTIES**

3.      Plaintiff is an individual residing in Guandong, the People's Republic of China ("China").

---

[1] As set forth in Plaintiff's Motion to Seal the Entire Docket and for the reasons set forth in her *Ex Parte* Motion for a Temporary Restraining Order, Plaintiff seeks to seal the entire docket and proceed under pseudonyms for all parties until the temporary restraining order ("TRO") is executed. Proceeding under this fashion is necessary to prevent Defendant from learning of these proceedings prior to the execution of the TRO, which could lead Defendant to transfer all of its funds out of U.S.-based accounts upon receiving notice of this Action.

**FILED UNDER SEAL**

4. Plaintiff is the inventor and sole owner of the Asserted Patents.

5. Plaintiff has the exclusive right to license, enforce, and collect all past damages for infringement of the Asserted Patents.

6. Plaintiff has standing to sue for infringement of the Asserted Patents.

7. Plaintiff sells products covered by the Asserted Patents ("Plaintiff's Covered Products") through her webstores hosted on the Amazon.com retail platform ("Amazon Retail Platform") to consumers in the United States, including consumers in the Commonwealth of Virginia ("Virginia").

8. Defendant Unknown Entity A ("Defendant") sells under the webstore name YOYOUTH-US ("Accused Webstore") on the Amazon Retail Platform and uses Amazon Seller ID ASBILRM7NL563. On information and belief, Defendant is a company, entity, or business association residing in China.

9. On information and belief, Defendant may, intentionally or otherwise, conceal its identity and the full scope of its infringing operations to thwart patent owners, such as Plaintiff, from learning Defendant's true identity and the exact interworking of Defendant's infringing activities.

10. On information and belief, the Amazon Retail Platform does not require the true names and contact information of sellers to be posted publicly, and sellers may set up accounts using fictitious names. Accordingly, on information and belief, the public seller names used on Amazon Retail Platform are unreliable. On information and belief, many sellers on the Amazon Retail Platform use multiple fictitious names and addresses to regularly create new stores at least on the Amazon.com platform. On information and belief, this is a common practice on the Amazon Retail Platform to enable sellers to evade enforcement efforts.

2

**FILED UNDER SEAL**

11.     The true name and identity of Defendant is currently unknown. The name "guangzhoushimeilinbianlidianyouxiangongsi" of Defendant is listed as the "Business Name" for the seller Amazon Retail Platform. On information and belief, "guangzhoushimeilinbianlidianyouxiangongsi " is not an identifiable business name.

12.     Defendant sells products that infringe one or more of the Asserted Patents ("Accused Products") on the Amazon Retail Platform to consumers in the United States and in Virginia through interstate commerce. Defendant conducts its operations through its Accused Webstore hosted on the Amazon Retail Platform.

13.     Defendant's Accused Products are in direct competition with Plaintiff's Covered Products.

14.     Defendant targets consumers in the United States, including Virginia residents, and has offered to sell and, on information and belief, has sold and continues to sell Accused Products that practice the claims of the Asserted Patents to consumers within the United States, including within Virginia and the United States District Court for the Eastern District of Virginia ("District"). For example, residents of the District may purchase the Accused Products using their Amazon Prime memberships and have the Accused Products delivered by an Amazon Prime delivery vehicle in this District.

15.     Through its operation of the Accused Webstore, Defendant engages in the importation, offer for sale, and sale of Accused Products.

**JURISDICTION AND VENUE**

16.     Plaintiff's claims for patent infringement against Defendant arise under the patent laws of the United States including 35 U.S.C. §§ 271 and 281.

**FILED UNDER SEAL**

17.    This Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.    This Court has personal jurisdiction over Defendant because it has supplied its products into commerce in the United States and this District and pursuant to the Federal Long Arm Rule, Fed. R. Civ. P. 4(k)(2).

19.    This Court has personal jurisdiction over Defendant pursuant to Va. Code Ann.§ 8.01-328.1 (1950). Personal jurisdiction exists over Defendant because it has minimum contacts with Virginia as a result of business regularly conducted within Virginia and within this District, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in Virginia including by providing Accused Products and services to the residents Virginia through fully interactive Accused Webstore allows Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendant knew the Accused Products would be used within Virginia, and has solicited business from the residents of Virginia using the Amazon Retail Platform.

20.    Venue is proper in this District under 28 U.S.C. § 1391 because the Defendant resides outside the United States and because it is subject to personal jurisdiction.

21.    Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

## PLAINTIFF AND BACKGROUND

22.    Plaintiff owns and operates a trading company located in Guangdong, China that specializes in kitchen tools. Plaintiff's company outsources its production to experienced and qualified original equipment manufacturing ("OEM") suppliers.

**FILED UNDER SEAL**

23.     Plaintiff's company focuses on creative product design, functional development, and quality control. In addition to Plaintiff's Covered Products, Plaintiff's company also independently develops and sells a variety of other products, including refrigerator storage racks and multi-functional kitchen storage supplies. Despite being a relatively-small company, Plaintiff's company adheres to its design principles and strives to continuously improve and innovate its products. Plaintiff has applied for and obtained multiple patents to protect her company's products.

24.     Plaintiff's Covered Products are the result of Plaintiff's company's significant investment of funds and effort to develop Plaintiff's Covered Products, including performing in-depth market research, designing the Plaintiff's Covered Products' appearance and functionality, refining its technology to address customer feedback, creating multiple sets of plastic-injection molds, conducting repeated proofing tests using these plastic-injection molds, and optimizing the structure and material selection. During the production process, Plaintiff's company rigorously managed the design process to ensure that Plaintiff's Covered Products met expectations for durability, safety, and user experience.

25.     Plaintiff's Covered Products are meat grinders with aspects advantageous to consumers including (i) an inner shred structure and strong anti-slip strip; (ii) built-in plastic teeth that cover the whole area which can tightly clamp the food; (iii) a lid has extra spikes on the edge, which help meat gather the shredded meat in the middle, cutting it evenly; and (iv) construction from high-quality food grade material, BPA free and heat resistance.

26.     Out of consideration for aesthetics, Plaintiff created multiple attractive designs that include one or more of the following: an approximate flower-like shape (when viewed in the planform view) that consists of a continuous, undulating curve around the perimeter of the rim of

**FILED UNDER SEAL**

the base, a flange that extends in the outward radial direction with extending portions forming petal-like lobes, two or more raised areas on the lobes where the raised areas are running in a circumferential direction and are approximately parallel to each other, two approximately circular handles diametrically opposed to each other near the edge of the cover and extending vertically, indentations on the perimeter of the handles, and a relatively flat top of the cover ("Design Elements"). Plaintiff believed that consumers could recognize and remember its designs as unique for a meat shredder by providing a visually pleasing appearance. Plaintiff selected the Design Elements from infinite designs. For instance, she cleverly integrated the base with the roughly flower-like shape (when viewed in the planform view) into the functional features of the meat shredder, which stands out to consumers among the many designs for meat shredders. This type of product has high memory points and recognition by consumers. For example, after browsing the product, a consumer can quickly remember this meat shredder design because of its unique design and shape. The patented meat shredder has a simple and elegant appearance, full of beauty, and facilitates the shredding of meat by consumers.

27.     To protect Plaintiff's Covered Products, Plaintiff filed patent applications in the United States Patent and Trademark Office that led to the issuance of the Asserted Patents. Plaintiff's Covered Products are covered by the claims of the Asserted Patents and are commercial embodiments of the Asserted Patents.

28.     Plaintiff's company initially sold Plaintiff's Covered Products in the United States on the Amazon Retail Platform through her webstores. Since their first sale, Plaintiff's Covered Products have received positive customer reviews and received significant orders, with sales steadily increasing. Plaintiff's Covered Products quickly gained market acceptance becoming a favorite among consumers in Europe and the United States on the Amazon Retail Platform.

FILED UNDER SEAL

Plaintiff's Covered Products have captured a significant market share in their category, and their brand awareness continues to grow. Among the purchasing public, Plaintiff's Covered Products are recognizable as such and are known for their distinctive design. This design is well recognized by consumers.

29.    Plaintiff's Covered Products are one of Plaintiff's company's core products. Plaintiff's Covered Products have accumulated a large number of positive reviews on the Amazon Retail Platform. Plaintiff's Covered Products have maintained a high ranking in the search results of multiple core keywords. Although Plaintiff's company also deal in other kitchen products, the sales and profits of Plaintiff's Covered Products account for a large proportion of the Plaintiff's company's overall business, which plays a key role in the company's business development.

30.    Plaintiff and her company invest in advertising on Amazon, including Sponsored Ads, Store operations, and Amazon Delivery Service Partner ads to drive traffic. At the same time, Plaintiff and her company promote Plaintiff's Covered Products through social media platforms such as Facebook and Instagram, and encourage influencers to showcase and recommend products. In addition, multiple kitchen utensil blogs have spontaneously introduced and recommended Plaintiff's Covered Products. On information and belief, this reflects the influence of the Plaintiff's Covered Products in the United States and has helped attract more potential customers.

31.    Since launching Plaintiff's Covered Products, Plaintiff and her company identified a number of counterfeit products on the Amazon Retail Platform, including the Accused Products. As the sales of Accused Products continued to increase, Plaintiff's Covered Products' product ranking and sales on the Amazon Retail Platform have declined significantly, and the Plaintiff's company has had to deal with excess inventory. Because of this decline in sales, earlier this year, Plaintiff's company had to move some of its inventory of Plaintiff's Covered Products to third-

**FILED UNDER SEAL**

party overseas warehouses to reduce Amazon storage fees. Plaintiff and her company were also forced to lower prices of Plaintiff's Covered Products to remain competitive. The additional overseas warehousing expenses and reduced prices have led to significant reductions in the overall store profit margin and also eroded Plaintiff's company customer base. On information and belief, Defendant has flooded the online market and have irreparably damaged, and are continuing to irreparably damage, Plaintiff.

32.    Plaintiff's company maintains quality control standards for Plaintiff's Covered Products. Plaintiff's Covered Products are only sold directly by Plaintiff to consumers through Plaintiff's company's webstores on the Amazon Retail Platform. Prior to the flood of Accused Products entering the US market, sales of Plaintiff's Covered Products via her company's webstores represented a significant portion of Plaintiff's business.

33.    Plaintiff and her company have filed intellectual property violation reports with the Amazon Retail Platform, and also sent infringement warning emails to sellers who were infringing, clearly informing them of the Asserted Patents and the fact that they were infringing. Some of the sellers that Plaintiff contacted did not stop their sales, but continued to expand their sales, causing continuous and aggravated damage to Plaintiff's company's business. For other sellers that agreed to stop selling, some of these sellers, on information and belief, have created new webstores on the Amazon Retail Platform using different webstore names and under a false or fictitious seller name. Based on these prior dealings and on information and belief, Defendant will engage in identical and/or similar tactics if Defendant learns of this Action before being enjoined.

34.    Amazon.com provides the following information to its sellers, including Defendant:

FILED UNDER SEAL

# How does Amazon pay sellers?

Amazon pays sellers via Automated Clearing House or electronic funds transfer. When you have a positive balance, Amazon initiates a transfer on a scheduled payout date and sends the funds in a single disbursement to the bank account on file in your Amazon payment settings. In order to get paid and keep business operations running smoothly, Amazon sellers provide bank account and credit or debit card information as part of the seller registration process.

> **Learn more in our seller registration guide**

## What's the Amazon seller payment schedule?

In general, Amazon settles seller accounts every two weeks. We take your beginning balance, add your sales, subtract expenses, and adjust for any refunds, then transfer payment to you after withholding an amount in reserve. The reserved amount becomes the beginning balance for your next settlement period.

It's important to note that after Amazon initiates a payment, it can take up to five business days for the funds to appear in your bank account.

\* \* \*

## When will I get my next disbursement, and how much will it be?

To check the scheduled date for your next disbursement, scroll to the bottom of the Statement View page of the Payments Dashboard. Here you'll find the date that Amazon will attempt to initiate your next disbursement, along with the estimated amount.

\* \* \*

FILED UNDER SEAL

# 3 ways to get paid faster or more conveniently

## 1. Amazon Express Payout

Eligible sellers in Amazon's US store can get paid faster with Amazon Express Payout. Enroll to receive payouts within 24 hours.

## 2. Seller Wallet

With competitive exchange rates and no hidden costs, Seller Wallet can help sellers manage funds, make transfers to bank accounts around the world, and convert funds to over 20 currencies.

## 3. Amazon Currency Converter for Sellers

Amazon Currency Converter for Sellers can help you get paid in your local currency for sales you make internationally. Costs decrease as your business grows, with discounted pricing for higher volumes.

https://sell.amazon.com/blog/amazon-seller-payments (accessed Sept. 12, 2025).

35.     On information and belief, Amazon.com keeps money from the Defendant's sales of Accused Products and disburses money to defendant at various times through Automated Clearing House, electronic funds transfer, Amazon Express Payout, Seller Wallet, Amazon Currency Converter for Sellers, and/or other means to bank account(s) associated with Defendant.

36.     On information and belief, Amazon.com has the ability to stop such disbursements to its sellers, including Defendant.

37.     On information and belief, except for the above money held by Amazon.com, Defendant does not have any other assets in the United States.

38.     In the context of registering a new seller account, Amazon.com states that "in many cases you'll be able to complete the process in just a few hours." https://sell.amazon.com/sell/registration-guide (accessed Sept. 12, 2025).

FILED UNDER SEAL

39.     On information and belief, if Defendant's Accused Webstore and sales of Accused Products are enjoined and if Defendant becomes aware of the injunction, it would take approximately 2-3 hours to complete a new webstore registration and upload product details, which would enable the Defendant to sell Accused Products (or nearly identical products) under a new ASIN.

## THE ACCUSED PRODUCTS

40.     Defendant has infringed the claims of the Asserted Patents through the sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Accused Products.

41.     On information and belief, the Accused Products are manufactured in China. On information and belief, Defendant has profited, and are profiting, from the sales of Accused Products. On information and belief, Defendant holds most of its monetary assets in offshore accounts. Defendant is selling its Accused Products on the Amazon Retail Platform at a fraction of the price that the Plaintiff's company initially charged for Plaintiff's Covered Products.

42.     As presently advised, the Accused Products include, but are not limited to, the following meat shredders: Chicken Shredder Tool Twist Large: 2025 10.8" Pro Food-Grade Visible Meat Shredder with Strong Anti-Slip Petal-Like Base, Ergonomic Handle, Chicken Breast Shredder for Pork Beef Chicken – Black (ASIN B0DPYNW5Y7); Chicken Shredder Tool Twist Large: 2025 10.8" Pro Food-Grade Visible Meat Shredder with Strong Anti-Slip Petal-Like Base, Ergonomic Handle, Chicken Breast Shredder for Pork Beef Chicken – Green (ASIN B0DPYZ4MLV); Chicken Shredder Tool Twist Large: 2025 10.8" Pro Food-Grade Visible Meat Shredder with Strong Anti-Slip Petal-Like Base, Ergonomic Handle, Chicken Breast Shredder for Pork Beef Chicken – Orange (ASIN B0DPZ1Q25C); and Chicken Shredder Tool Twist Large: 2025 10.8" Pro Food-Grade Visible Meat Shredder with Strong Anti-Slip Petal-Like Base,

FILED UNDER SEAL

Ergonomic Handle, Chicken Breast Shredder for Pork Beef Chicken – Red (ASIN B0DPYXTCGY).

43.    Defendant offers for sale and sells and has offered for sale and sold Accused Products including ASIN B0DPYNW5Y7, B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY.

44.    The Accused Products are available for purchase on the following URLs on the Amazon Retail Platform:    https://www.amazon.com/dp/B0DPYNW5Y7; https://www.amazon.com/dp/B0DPYZ4MLV; https://www.amazon.com/dp/B0DPZ1Q25C; and https://www.amazon.com/dp/B0DPYXTCGY.

## THE 'D611 PATENT

45.    On January 7, 2025, the USTPO duly and legally issued the 'D611 Patent, entitled "Meat Grinder," from Application No. 29/895,016 ("the '016 Application"), filed on June 15, 2023.

46.    The 'D611 Patent is presumed valid under 35 U.S.C. § 282.

47.    The 'D611 Patent claims patent-eligible subject matter.

48.    The claim of the 'D611 Patent is enforceable.

49.    Plaintiff is the exclusive owner of the 'D611 Patent and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the 'D611 Patent.

50.    Defendant is not licensed to the 'D611 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the 'D611 Patent.

51.    The claim of the 'D611 Patent is directed to a meat grinder. The Accused Products infringe the claim of the 'D611 Patent, as set forth in the section below and in the claim charts attached as Exhibit C. Representative Figures 7 and 8 of the 'D611 Patent are shown below.

FILED UNDER SEAL



FIG. 7

FILED UNDER SEAL



FIG. 8

## INFRINGEMENT OF THE 'D611 PATENT

52.     Defendant has purposely advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported and intend to continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import Accused Products to directly compete with Plaintiff that violate Plaintiff's rights in the 'D611 Patent. Defendant sells and has sold the Accused Products on the Amazon Retail Platform using the Accused Webstore. Defendant's infringement is causing irreparable harm to Plaintiff, thereby forcing Plaintiff to bring this lawsuit to protect her intellectual property.

## FILED UNDER SEAL

53.     Defendant has infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D611 Patent under 35 U.S.C. § 27l(a) by using, offering to sell, and/or selling in the United States and/or importing into the United States, meat grinders, which infringe the claim of the 'D611 Patent. On information and belief, Defendant continues to make, use, offer to sell, sell, and/or import the Accused Products. Accused Products include at least meat grinders that are covered by the claim of the 'D611Patent, either literally and/or the doctrine of equivalents.

54.     Exhibit C (a portion of which is reproduced below) includes preliminary claim charts that demonstrates how Defendant's Accused Products infringe the claim 'D611 Patent. Plaintiff submits Exhibit C as examples of the ornamental features of Defendant's Accused Product that include similar claimed components. Plaintiff reserves the right to modify Exhibit C as part of Plaintiff's infringement contentions.



FIG. 8

55.     The Accused Products are infringing devices and thus directly infringe 'D611 Patent claim.

**FILED UNDER SEAL**

56.     Defendant does not have a license or authority to import, make, use, or sell goods covered by the 'D611 Patent.

57.     Defendant continues to infringe the claim of the 'D611 Patent.

58.     Plaintiff has marked her company's Plaintiff's Covered Products with notices of the 'D611 Patent.

59.     As a result of Defendant's infringement of the 'D611 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

60.     Defendant, without authorization or license from Plaintiff, continues to infringe the claim of the 'D611 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia,* its Accused Webstore. The Accused Webstore offers shipping to locations in the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. On information and belief, the Defendant is continuing to offer to sell and sell Accused Products at least via the Amazon Retail Platform.

61.     On information and belief, Defendant has been willfully infringing the 'D611 Patent since at least as early as it became aware of the 'D611 Patent. On information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Instead, Defendant has intentionally continued its willful infringement.

62.     Many sellers on the Amazon Retail Platform go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate their webstores. For example, on information and belief, sellers of counterfeit products regularly create new webstores on the Amazon Retail Platform using fictious names and addresses. Such registration patterns are one of many common tactics used by sellers of counterfeit products to

**FILED UNDER SEAL**

conceal their identities and the full scope and interworking of their operations and to prevent their webstores from being disabled.

63.     On information and belief, Defendant will continue to register or acquire additional webstore listings for the purpose of selling Accused Products that infringe the 'D611 Patent unless preliminarily and permanently enjoined.

64.     Plaintiff has no adequate remedy at law for infringement of the 'D611 Patent.

### THE 'D289 PATENT

65.     On June 24, 2025, the USPTO duly and legally issued the 'D289 Patent, entitled "Meat Grinder" from Application No. 29/952,669 ("the '669 Application"), filed on July 17, 2024.

66.     The '669 Application is a continuation-in-part to the '016 Application.

67.     The claim of the 'D289 Patent is entitled to the priority date of the '016 Application, June 15, 2023.

68.     The 'D289 Patent is presumed valid under 35 U.S.C. § 282.

69.     The 'D289 Patent claims patent-eligible subject matter.

70.     The claim of the 'D289 Patent is enforceable.

71.     Plaintiff is the exclusive owner of the 'D289 Patent and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the 'D289 Patent.

72.     Defendant is not licensed to the 'D289 Patent, either expressly or implicitly, nor does it enjoy or benefit from any rights in or to the 'D289 Patent.

73.     The claim of the 'D289 Patent is directed to a meat grinder. The Accused Products infringe the claim of the 'D289 Patent, as set forth in the section below and in the claim charts attached as Exhibit D. Representative Figures 1 and 7 of the 'D289 Patent are shown below.

FILED UNDER SEAL



FIG. 1



FIG. 7

**FILED UNDER SEAL**

### INFRINGEMENT OF THE 'D289 PATENT

74.     Defendant has purposely advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported and intend to continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import Accused Products to directly compete with Plaintiff that violate Plaintiff's rights in the 'D289 Patent. Defendant sells and has sold the Accused Products on the Amazon Retail Platform using the Accused Webstores. Defendant's infringement is causing irreparable harm to Plaintiff, thereby forcing Plaintiff to bring this lawsuit to protect her intellectual property.

75.     Defendant has infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, the claim of the 'D289 Patent under 35 U.S.C. § 271(a) by using, offering to sell, and/or selling in the United States and/or importing into the United States, meat grinders, which infringe the claim of the 'D289 Patent. On information and belief, Defendant continues to make, use, offer to sell, sell, and/or import the Accused Products. Accused Products include at least meat grinders that are covered by the claim of the 'D289 Patent, either literally and/or the doctrine of equivalents.

76.     Exhibit D (a portion of which is reproduced below) includes preliminary claim charts that demonstrates how Defendant's Accused Products infringe the claim 'D289 Patent. Plaintiff submits Exhibit C as examples of the ornamental features of Defendant's Accused Product that include similar claimed components. Plaintiff reserves the right to modify Exhibit C as part of Plaintiff's infringement contentions.

FILED UNDER SEAL



FIG. 8

77.     The Accused Products are infringing devices and thus directly infringe 'D289
Patent claim.

78.     Defendant does not have a license or authority to import, make, use, or sell goods
covered by the 'D289 Patent.

79.     Defendant continues to infringe the claim of the 'D289 Patent.

80.     Plaintiff has marked her company's Plaintiff's Covered Products with notices of
the 'D289 Patent.

81.     As a result of Defendant's infringement of the 'D289 Patent, Plaintiff has suffered
and will continue to suffer damages in an amount not yet determined.

82.     Defendant, without authorization or license from Plaintiff, continues to infringe the
claim of the 'D289 Patent in connection with the advertisement, offer for sale, and sale of the
Accused Products, through, *inter alia*, its Accused Webstore. Each Accused Webstore offers
shipping to the United States, including Virginia, and, on information and belief, each Defendant
has sold Accused Products into the United States, including Virginia. On information and belief,

## FILED UNDER SEAL

Defendant is continuing to offer to sell and sell Accused Products at least via the Amazon Retail Platform.

83.     On information and belief, Defendant has been willfully infringing the 'D289 Patent since at least as early as it became aware of the 'D289 Patent. On information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Instead, Defendant has intentionally continued its willful infringement.

84.     Many sellers on the Amazon Retail Platform go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate their webstores. For example, on information and belief, sellers of counterfeit products regularly create new webstores on the Amazon Retail Platform using fictious names and addresses. Such registration patterns are one of many common tactics used by sellers of counterfeit products to conceal their identities and the full scope and interworking of their operations and to prevent their webstores from being disabled.

85.     On information and belief, Defendant will continue to register or acquire additional webstore listings for the purpose of selling Accused Products that infringe the 'D289 Patent unless preliminarily and permanently enjoined.

86.     Plaintiff has no adequate remedy at law for infringement of the 'D289 Patent.

## COUNT ONE
## INFRINGEMENT OF THE 'D611 PATENT
### (35 U.S.C. § 271)

87.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

88.     Plaintiff is the owner of the 'D611 Patent, with all substantive rights in and to that patent, including the sold and exclusive right to prosecute this action and enforce the 'D611 Patent against infringers, and to collect damages for all relevant items.

21

FILED UNDER SEAL

89.     Defendant has infringed and continues to infringe, directly and/or under the doctrine of equivalents, the claim of the 'D611 Patent by using, selling, and offering to sell Accused Products in the United States and/or importing into the Accused Products in violation of *35* U.S.C. § 271(a).

90.     As evidenced in the claim charts of Exhibit C, the designs of Defendant's Accused Products are substantially similar to the design of the 'D611 Patent. The designs are so similar that they are nearly identical such that an ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs that would induce the purchaser to purchase the Accused Products believing Defendant's Accused Products to be substantially the same as the design protected and claimed in the 'D611 Patent.

91.     As a result of Defendant's infringement of the 'D611 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

92.     On information and belief, Defendant will continue to register or acquire webstore listings for the purpose of selling Accused Products that infringe the 'D611 Patent unless preliminarily and permanently enjoined.

93.     Defendant has infringed the 'D611 Patent through the above-listed acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

94.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

95.     Plaintiff is entitled to relief under 35 U.S.C. § 289.

FILED UNDER SEAL

## COUNT TWO
## INFRINGEMENT OF THE 'D289 PATENT
### (35 U.S.C. § 271)

96.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

97.     Plaintiff is the owner of the 'D289 Patent, with all substantive rights in and to that patent, including the sold and exclusive right to prosecute this action and enforce the 'D289 Patent against infringers, and to collect damages for all relevant items.

98.     Defendant has infringed and continues to infringe, directly and/or under the doctrine of equivalents, the claim of the 'D289 Patent by using, selling, and offering to sell Accused Products in the United States and/or importing into the Accused Products in violation of 35 U.S.C. § 271(a).

99.     As evidenced in the claim charts of Exhibit C, the designs of Defendant's Accused Products are substantially similar to the design of the 'D289 Patent. The designs are so similar that they are nearly identical such that an ordinary observer, given such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs that would induce the purchaser to purchase the Accused Products believing Defendant's Accused Products to be substantially the same as the design protected and claimed in the 'D289 Patent.

100.    As a result of Defendant's infringement of the 'D289 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

101.    On information and belief, Defendant will continue to register or acquire webstore listings for the purpose of selling Accused Products that infringe the 'D289 Patent unless preliminarily and permanently enjoined.

**FILED UNDER SEAL**

102.     Defendant has infringed the 'D289 Patent through the above-listed acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention.

103.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

104.     Plaintiff is entitled to relief under 35 U.S.C. § 289.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against Defendant—and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it—granting the following relief:

A.     An award of damages against Defendant to Plaintiff adequate to compensate Plaintiff for the infringement, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

B.     An award of Defendant's total profit as provided by 35 U.S.C. § 289, but not less than $250;

C.     An award of prejudgment interest from the date infringement began and post-judgment interest;

D.     A finding that this case is exceptional and an award for attorneys' fees to Plaintiff under 35 U.S.C. § 285;

E.     An award of costs to Plaintiff;

F.     A judgment declaring that the Defendant willfully infringed and for enhancement of damages of up to treble damages in accordance with 35 U.S.C. § 284;

FILED UNDER SEAL

G.      That Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    i.      making, using, selling, or offering to sell in the United States or importing into the United States Accused Products;

    ii.     committing any acts calculated to cause consumers to believe that the Accused Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    iii.    further infringing the Plaintiffs rights in the Asserted Patents;

    iv.     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff, to be sold or offered for sale, and that bear the designs of the Asserted Patents or any reproductions, counterfeit copies, or colorable imitations thereof;

    v.      using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Accused Webstores, listings, or any other domain name that are used to sell, or is the means by which Defendant could continue to sell, Accused Products infringing the Asserted Patents; and

G.      For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**FILED UNDER SEAL**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as to all claims in this Verified Complaint.

Dated: September 17, 2025                    Respectfully submitted,

                                        By:    */s/ Brian M. Koide*
                                               Brian M. Koide (VSB No. 46329)
                                               bkoide@mwzb.com
                                               MILLEN, WHITE, ZELANO & BRANIGAN, P.C.
                                               2200 Clarendon Blvd., Suite 1400
                                               Arlington, VA 22201
                                               Tel: 703-243-6333
                                               Fax: 703-243-6410
                                               Attorneys for Plaintiff

**FILED UNDER SEAL**

**VERIFICATION**

I, Jane Doe, declare as follows:[2]

1.      I am the named Plaintiff in the Verified Complaint. I make this declaration based on my personal knowledge. I am over the age of 18. I am a citizen of the Peoples Republic of China, and reside in China.

2.      Except where allegations are made on information and belief, I have personal knowledge of the factual allegations in the Verified Complaint.

3.      I declare under penalty of perjury under the laws of the United States of America that the factual allegations in the Verified Complaint are true and correct.


Executed on September 19, 2025

Jane Doe

---

[2] As set forth in Plaintiff's Motion to Seal the Entire Docket and for the reasons set forth in her *Ex Parte* Motion for a Temporary Restraining Order, Plaintiff seeks to seal the entire docket and proceed under pseudonyms for all parties until the temporary restraining order ("TRO") is executed. Proceeding under this fashion is necessary to prevent Defendant from learning of these proceedings prior to the execution of the TRO, which could lead Defendant to transfer all of its funds out of U.S.-based accounts upon receiving notice of this Action.

**FILED UNDER SEAL**

# EXHIBIT A



*United States of America*

To Promote the Progress

of Science and Useful Arts

*The Director*

of the United States Patent and Trademark Office has received an application for a patent for a new, original, and ornamental design for an article of manufacture. The title and description of the design are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the design shall be granted under the law.

Therefore, this United States

*Patent*

grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the design throughout the United States of America or importing the design into the United States of America for the term set forth by law.

ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

## Maintenance Fee Notice

No maintenance fees are required in design patents.

## Patent Term Notice

If the application for this patent was filed on or after May 13, 2015, the term of this patent is 15 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253. If the application for this patent was filed prior to May 13, 2015, the term of this patent is 14 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253.

Form PTO-379C (Rev 09/17)

US0D1056611S

(12) **United States Design Patent**　(10) Patent No.:　　**US D1,056,611 S**

Chen　　　　　　　　　　　　　　　　　(45) Date of Patent:　　** Jan. 7, 2025

---

(54) **MEAT GRINDER**

(71) Applicant: **Xu'e Chen**, Guangdong (CN)

(72) Inventor: **Xu'e Chen**, Guangdong (CN)

(**) Term: **15 Years**

(21) Appl. No.: 29/895,016

(22) Filed: **Jun. 15, 2023**

(51) LOC (15) Cl. ............................................... **07-04**

(52) U.S. Cl.
　　USPC .......................................................... **D7/693**

(58) Field of Classification Search
　　USPC ........ D7/369, 370, 371, 372, 373, 376, 377,
　　　　　　D7/378, 379, 380, 381, 382, 383, 384,
　　　　　　D7/385, 386, 387, 412, 413, 414, 415,
　　　　　　D7/669, 678, 679, 400, 693; D9/452
　　CPC .. A47J 19/02; A47J 19/06; A47J 42/00; A47J
　　　　　　42/02; A47J 42/04; A47J 42/06; A47J
　　　　　　42/12; A47J 42/14; A47J 42/16; A47J
　　　　　　42/20; A47J 42/26; A47J 42/34; A47J
　　　　　43/04; A47J 43/044; A47J 43/046; A47J
　　　　　　43/07; A47J 43/0705; A47J 43/0711;
　　　　　　A47J 43/0716; A47J 43/0722; A47J
　　　　　43/082; A47J 43/085; A47J 43/10; A47J
　　　　　　43/1018; A47J 43/1087; A47J 43/25;
　　　　　A47J 43/255; A47J 43/1093; A47J 44/00;
　　　　　A47J 44/02; A47J 31/4496; A47J 31/44;
　　　　　　A47J 2043/04463; A47J 2043/04418;
　　　　　　A47J 2043/04481; A47J 2043/04445;
　　　　　　　　　　　A47J 2043/04454; A47J

(Continued)

(56) **References Cited**

U.S. PATENT DOCUMENTS

2,520,522 A　*　8/1950　Adams ................... B65D 85/78
　　　　　　　　　　　　　　　　　　　　D7/673
D640,092 S　*　6/2011　Aardenburg ................... D7/400
(Continued)

FOREIGN PATENT DOCUMENTS

| CN | 308296410 | * | 10/2023 |
| CN | 308367912 | * | 12/2023 |
| GB | 6352508 | * | 3/2024 |

OTHER PUBLICATIONS

Suretivian Chicken Shredder Large, posted Sep. 19, 2023 [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.co.uk/Chicken-Shredder-Anti-Slip-Ergonomic-Suitable-Black/dp/B0CGRGRXPY/r (Year: 2023).*
(Continued)

*Primary Examiner* — Nicole C Shiflet
*Assistant Examiner* — Yen Le Southwood
(74) *Attorney, Agent, or Firm* — Kunzler Bean & Adamson, PC; Alandra Adams

(57)　　　　　　　**CLAIM**

The ornamental design for a meat grinder as shown and described.

**DESCRIPTION**

FIG. 1 is a front, left and top perspective view of a meat grinder, showing my design.
FIG. 2 is a rear, right and bottom perspective view thereof.
FIG. 3 is a front elevation view thereof.
FIG. 4 is a rear elevation view thereof.
FIG. 5 is a left side elevation view thereof.
FIG. 6 is a right side elevation view thereof.
FIG. 7 is a top plan view thereof.
FIG. 8 is a bottom plan view thereof.
FIG. 9 is an exploded view thereof; and,
FIG. 10 is an enlarged view of detail 10 in FIG. 1.
The broken lines depict portions of the meat grinder that form no part of the claimed design.
The dot-dash broken lines in FIGS. 1 and 10 depict the boundaries of the enlargements that form no part of the claimed design.

**1 Claim, 10 Drawing Sheets**



10

**US D1,056,611 S**

Page 2

(58) **Field of Classification Search**
CPC ............. 2043/04472; A47J 2043/04427; A47J
2043/0449; A22C 17/0026; B65D 85/78
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D739,689 | S | * | 9/2015 | Metaxatos | ......... A22C 17/0026 |
| | | | | | D7/693 |
| D874,886 | S | * | 2/2020 | Breneman | ...................... D7/679 |
| D1,015,086 | S | * | 2/2024 | Pezzaniti | ........................ D9/452 |
| D1,039,906 | S | * | 8/2024 | Liu | .................................. D7/381 |
| D1,039,925 | S | * | 8/2024 | He | .................................. D7/693 |

OTHER PUBLICATIONS

AzureLake Chicken Shredder, posted date unknown [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.com/dp/B0D1RBGM6J/.*
Suretivian Chicken Shredder, posted date unknown [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.com/dp/B0DCHXTJRY/.*
Lighigh Chicken Shredder, posted Apr. 19, 2024 [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.co.uk/LIGHIGH-Ergonomic-Anti-Slip-Resistant-Dishwasher/dp/B0CXDL3K6R/ (Year: 2024).*

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9

Case 1:25-cv-01576-RDA-LRV    Document 1    Filed 09/19/25    Page 42 of 80 PageID# 290



FIG. 10

FILED UNDER SEAL

# EXHIBIT B







*United States of America*

To Promote the Progress of Science and Useful Arts

## The Director

of the United States Patent and Trademark Office has received an application for a patent for a new, original, and ornamental design for an article of manufacture. The title and description of the design are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the design shall be granted under the law.

Therefore, this United States

## Patent

grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the design throughout the United States of America or importing the design into the United States of America for the term set forth by law.

ACTING DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

## Maintenance Fee Notice

No maintenance fees are required in design patents.

## Patent Term Notice

If the application for this patent was filed on or after May 13, 2015, the term of this patent is 15 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253. If the application for this patent was filed prior to May 13, 2015, the term of this patent is 14 years from the date of grant of this patent, subject to any disclaimer under 35 U.S.C. 253.

Form PTO-379C (Rev 09/17)

US0D1080289S

(12) **United States Design Patent**    (10) Patent No.:    **US D1,080,289 S**

Chen      (45) Date of Patent:    ✱✱ **Jun. 24, 2025**

(54) **MEAT GRINDER**

(71) Applicant: **Xu'e Chen**, Guangdong (CN)

(72) Inventor: **Xu'e Chen**, Guangdong (CN)

(✱✱) Term: **15 Years**

(21) Appl. No.: **29/952,669**

(22) Filed: **Jul. 17, 2024**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/895,016, filed on Jun. 15, 2023, now Pat. No. Des. 1,056,611.

(51) LOC (15) Cl. .............................................. **07-04**

(52) **U.S. Cl.**
USPC ................................ **D7/683**; D7/693; D7/412

(58) **Field of Classification Search**
USPC ........ D7/369, 370, 371, 372, 373, 376, 377, D7/378, 379, 380, 381, 382, 383, 384, D7/385, 386, 387, 412, 413, 414, 415, D7/669, 678, 679, 400, 693; D9/452
CPC .. A47J 19/02; A47J 19/06; A47J 42/00; A47J 42/02; A47J 42/04; A47J 42/06; A47J 42/12; A47J 42/14; A47J 42/16; A47J 42/20; A47J 42/26; A47J 42/34; A47J 43/04; A47J 43/044; A47J 43/046; A47J 43/07; A47J 43/0705; A47J 43/0711; A47J 43/0716; A47J 43/0722; A47J 43/082; A47J 43/085; A47J 43/10; A47J 43/1018; A47J 43/1087; A47J 43/25; A47J 43/255; A47J 43/1093; A47J 44/00; A47J 44/02; A47J 31/4496; A47J 31/44; A47J 2043/04463; A47J 2043/04418; A47J 2043/04481; A47J

(Continued)

(56) **References Cited**

U.S. PATENT DOCUMENTS

2,520,522 A ✱   8/1950   Adams ................... B65D 85/78
                                                D7/673
D349,792 S    8/1994   Mulholland

(Continued)

FOREIGN PATENT DOCUMENTS

| CN | 308296410 | ✱ | 10/2023 |
| CN | 308367912 | ✱ | 12/2023 |
| GB | 6352508 | ✱ | 3/2024 |

OTHER PUBLICATIONS

Suretivian Chicken Shredder Large, posted Sep. 19, 2023 [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.co.uk/Chicken-Shredder-Anti-Slip-Ergonomic-Suitable-Black/dp/B0CGRGRXPY/r (Year: 2023).✱
AzureLake Chicken Shredder, posted date unknown [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.com/dp/B0D1RBGM6J/.✱

(Continued)

*Primary Examiner* — Catherine S Posthauer
*Assistant Examiner* — Yen Le Southwood
(74) *Attorney, Agent, or Firm* — Bartholomew Law PC; Michael Bartholomew

(57)      **CLAIM**

The ornamental design for a meat grinder as shown and described.

**DESCRIPTION**

FIG. 1 is a front, left and top perspective view of a meat grinder, showing my new design.
FIG. 2 is a rear, right and bottom perspective view thereof.
FIG. 3 is a front elevation view thereof.
FIG. 4 is a rear elevation view thereof.
FIG. 5 is a left side elevation view thereof.
FIG. 6 is a right side elevation view thereof.
FIG. 7 is a top plan view thereof.
FIG. 8 is a bottom plan view thereof.
FIG. 9 is an exploded view thereof; and,
FIG. 10 is second exploded view thereof.
The dashed broken lines depict portions of the meat grinder that form no part of the claimed design.

**1 Claim, 10 Drawing Sheets**



## US D1,080,289 S
### Page 2

**(58) Field of Classification Search**
CPC ............. 2043/04445; A47J 2043/04454; A47J
2043/04472; A47J 2043/04427; A47J
2043/0449; A22C 17/0026; B65D 85/78
See application file for complete search history.

**(56)** **References Cited**

#### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D640,092 S | * | 6/2011 | Aardenburg ................... | D7/400 |
| D739,689 S | * | 9/2015 | Metaxatos ......... A22C 17/0026 |
| | | | | D7/693 |
| D874,886 S | * | 2/2020 | Breneman ...................... | D7/679 |
| D934,023 S | | 10/2021 | Shu | |
| D1,015,086 S | * | 2/2024 | Pezzaniti ....................... | D9/452 |
| D1,039,906 S | * | 8/2024 | Liu ................................ | D7/381 |
| D1,039,925 S | * | 8/2024 | He ................................. | D7/693 |

OTHER PUBLICATIONS

Suretivian Chicken Shredder, posted date unknown [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.com/dp/B0DCHXTJRY/.*

Lighigh Chicken Shredder, posted Apr. 19, 2024 [online], [retrieved Sep. 10, 2024]. Retrieved from internet, https://www.amazon.co.uk/LIGHIGH-Ergonomic-Anti-Slip-Resistant-Dishwasher/dp/B0CXDL3K6R/ (Year: 2024).*

STJKBDFC Chicken Breast Chopper, posted Jun. 20, 2024 [online], [retrieved Sep. 19, 2024]. Retrieved from internet, https://www.amazon.de/-/en/Chicken-Chopper-Non-Slip-Ergonomic-Separate/dp/B0D5V89DRL?th=1 (Year: 2024).*

DSTANA Chicken Shredder, posted Aug. 8, 2023 [online], [retrieved Sep. 19, 2024]. Retrieved from internet, https://www.amazon.com/DSTANA-Shredder-Ergonomic-Anti-Slip-Dishwasher/dp/B0CF1TH633 (Year: 2024).*

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8



FIG. 9



FIG. 10

**FILED UNDER SEAL**

# EXHIBIT C

FILED UNDER SEAL

Preliminary Infringement Chart for U.S. Patent No. D1,056,611[1]

Defendant guangzhoushimelinbianlidianyouxiangongsi (Seller ID# ASBILRM7NL563) ("Defendant")

Amazon Sales Identification Numbers B0DPYNW5Y7, B0DPYZ4MLX, B0DPZ1Q25C, and B0DPYXTCGY on Amazon.com



[1] Plaintiff reserves the right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the Court's scheduling order in this case. For certain photos, a glass (which was not sold with the Accused Product) was used to position the Accused Product. This Preliminary Infringement Chart is for the Black version. On information and belief, the other color versions have a similar and/or identical design.

PAGE 1 OF 8



FILED UNDER SEAL

FIG. 1

FIG. 2

FILED UNDER SEAL



FIG. 3

FIG. 4

FILED UNDER SEAL



FIG. 5

FIG. 6

FILED UNDER SEAL





FIG. 7

FILED UNDER SEAL





FIG. 8

FILED UNDER SEAL



FIG. 9

FILED UNDER SEAL



FIG. 10

**FILED UNDER SEAL**

# EXHIBIT D

FILED UNDER SEAL

Preliminary Infringement Chart for U.S. Patent No. D1,080,289[1]

Defendant guangzhoushimelinbianlidianyouxiangongsi (Seller ID# ASBILRM7NL563) ("Defendant")

Amazon Sales Identification Numbers B0DPYNW5Y7, B0DPYZ4MLX, B0DPZ1Q25C, and B0DPYXTCGY on Amazon.com



[1] Plaintiff reserves the right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the Court's scheduling order in this case. For certain photos, a glass (which was not sold with the Accused Product) was used to position the Accused Product. This Preliminary Infringement Chart is for the Black version. On information and belief, the other color versions have a similar and/or identical design.

PAGE 1 OF 8

FILED UNDER SEAL



FIG. 1

FIG. 2

PAGE 2 OF 8

FILED UNDER SEAL



FIG. 3

FIG. 4

PAGE 3 OF 8



FILED UNDER SEAL

FIG. 5

FIG. 6

FILED UNDER SEAL





FIG. 7

FILED UNDER SEAL



FIG. 8

FILED UNDER SEAL



FIG. 9

FILED UNDER SEAL



FIG. 10

FILED UNDER SEAL

# EXHIBIT E

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jane Doe | Unknown Entity |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Koide, Millen, White, Zelano, & Branigan, 2200 Clarendon Blvd., Arlington, VA 22201 (703) 243-6333

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [x] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 101 et seq.

Brief description of cause:
Patent infringement

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE Honorable David J. Novak

DOCKET NUMBER 3:25-cv-703 (under seal)

DATE
September 19, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Brian M. Koide

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

FILED UNDER SEAL

# EXHIBIT F



# U.S. District Court

## Virginia Eastern - Alexandria

Receipt Date: Sep 19, 2025 3:26PM

BRIAN KOIDE

Rcpt. No: 100013515              Trans. Date: Sep 19, 2025 3:26PM              Cashier ID: #SBBn (3393)

| CD  | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|-----|---------|---------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| CD | Tender | | Amt |
|----|--------|--|-----|
| CC | Credit Card | | $405.00 |
| | | Total Due Prior to Payment: | $405.00 |
| | | Total Tendered: | $405.00 |
| | | Total Cash Received: | $0.00 |

**Comments**: 1:25CV1576

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.