IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-1576 (RDA/LRV) |
| ) | |
| UNKNOWN ENTITY, ) | |
| ) | |
| Defendant. ) | |

## AMENDED MEMORANDUM OPINION AND ORDER[1]

This matter comes before the Court on an *ex parte* Motion for a Temporary Restraining Order ("Motion") brought by Plaintiff Jane Doe ("Plaintiff"). Dkt. 5. Considering the Motion together with the Memorandum in Support and accompanying exhibits, Dkt. 6, as well as the argument heard during the October 1, 2025 hearing, this Court GRANTS Plaintiff's Motion for the reasons that follow.

### I. BACKGROUND

Plaintiff seeks a Temporary Restraining Order ("TRO") granting temporary asset restraint. Plaintiff asserts that she brought the instant action "to stop the online sale of infringing goods" (collectively the "Accused Products") that resemble Plaintiff's meat grinders (the "Products") for which Plaintiff owns various patents, including: (i) U.S. Patent No. D1,056,611 ("the 'D611 Patent") titled "Meat Grinder," and (ii) U.S. Patent No. D1,080,289 ("the 'D289 Patent") also titled "Meat Grinder" (collectively "the Asserted Patents"). Dkt. 6 at 1. Plaintiff alleges that Defendant

---

[1] This Memorandum Opinion and Order is amended only to correct a typographical error in the ordering paragraphs ("Defendants identified in Schedule A to the Verified Complaint (and attached to this Memorandum Opinion and Order)" is now replaced with "Defendant is identified in Paragraph 8 of the Verified Complaint") and to modify the new case deadlines as referred to in the Court's Order. Dkt. 22.

1

is "shipping, distributing, advertising, marketing, using, importing, offering to sell, and selling Accused Products through the Amazon Retail Platform that infringe on the Asserted Patents." Dkt. 6 at 3.

Plaintiff and her company have filed intellectual property violations reports with the Amazon Retail Platform and also sent infringement warning emails to sellers who are infringing, clearly informing them of the Asserted Patents and that they were infringing. Dkt. 1 ¶ 33. Plaintiff's company sells its Products to consumers through online platforms like Amazon.com and maintains quality control standards for its products. *Id.* at 3. Prior to the flood of the Accused Products into the market, Plaintiff asserts that sales from her company's Products represented a "significant portion" of Plaintiff's company's business. *Id*.

Defendant is unknown to Plaintiff, as it allegedly "intentionally or otherwise, conceal[s] its identity and the full scope of its infringing operations to thwart patent owners, such as Plaintiff, from learning Defendant's true identity and the exact interworking of Defendant's infringing activities." Dkt. 1 ¶ 9. Defendant's only identifying information is the user account from Amazon's Retail Platform through which it sells the Accused Products. Dkt. 1 ¶ 8. Defendant sells under the webstore name YOYOUTH-US on the Amazon Retail Platform and uses Amazon Seller ID ASBILRM7NL563. *Id*. On information and belief, Defendant is a company, entity, or business association residing in China. *Id*.

Plaintiff and her company identified counterfeit products on the Amazon Retail Platform, including the Accused Products. *Id*. ¶ 31. Defendant sells the Accused Products through its webstores on the Amazon Retail Platform, and the known URLs for the webstores sales of Accused Products are documented in the complaint. *Id*. ¶¶ 42, 44.

On September 19, 2025, Plaintiff brought claims against Defendant in this Court for patent infringement. Dkt. 1. The same day that Plaintiff filed her Verified Complaint, she filed the instant *ex parte* Motion, Dk. 5, along with a Memorandum in Support, Dkt. 6.[2] Plaintiff requests that this Court issue a temporary restraining order freezing the assets of Defendant's Amazon.com account and enjoining the transfer of any monies held in Defendant's account until further order of the Court. Dkt. No. 6. The Court heard argument on October 1, 2025, and Plaintiff set forth her case to support the issuance of a TRO.

## II. STANDARD OF REVIEW

A motion for a TRO is subject to the requirements of Federal Rule of Civil Procedure 65(b). To obtain this relief without first providing notice to the adverse party, a movant must show specific facts that clearly demonstrate the risk of immediate and irreparable injury to the movant if the requested order does not issue.[3] "While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). A grant of temporary injunctive relief requires the movant to establish the same four factors that govern preliminary injunctions: (1) the likelihood of irreparable harm to the plaintiff if the TRO is denied; (2) the likelihood of harm to the defendants

---

[2] Plaintiff also filed *ex parte* Motions for Expedited Discovery and Service of Process by Email. Dkt. Nos. 7, 9.

[3] Federal Rule of Civil Procedure 65(b) also requires the movant's attorney to certify "any efforts made to give notice and the reasons why it should not be required." In the instant case, Plaintiff has represented that giving notice of the motion would give Defendants an opportunity to move any assets away from U.S.-based financial institutions. Dkt. 12 at 8-9. For this reason, the Court finds that granting a TRO without notice to the adverse party is appropriate here. *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers").

if the TRO is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### III. ANALYSIS

A review of the factors set forth in *Winter* establishes that Plaintiff has satisfied its burden to obtain a TRO. The Court analyses each of the necessary elements below.

#### A. Jurisdiction

As a threshold matter, the Court finds that personal jurisdiction is appropriate over Defendants because they purposefully targeted their business activities towards consumers in Virginia. Dkt. 1 ¶ 19. This action stems from the Defendants selling Accused Products online and shipping them to buyers in the United States, including residents of Virginia. *Id*. The Court also concludes that it has subject-matter jurisdiction over the instant action because the claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

#### B. Temporary Restraining Order

Having reviewed the papers and exhibits filed in support of Plaintiff's Motions, the Court hereby makes the following findings.

##### 1. Likelihood of Irreparable Harm

Defendant offers counterfeit copies of Plaintiff's Products, which irreparably harms Plaintiff by damaging Plaintiff's reputation, causing loss of future sales, and resulting in loss of exclusivity. Dkt. 12 at 16. Additionally, without an asset freeze, Defendant may transfer funds from Amazon.com to a provider beyond this Court's jurisdictional reach, thereby depriving Plaintiff of the ability to obtain monetary relief for its injuries.

Furthermore, where the moving party clearly establishes a likelihood of success on the merits in a patent case, the prospect of irreparable harm is often presumed. *See CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 893 F. Supp. 508 (D. Md. 1995) ("[T]o the extent that the patentee 'clearly establishes' or makes a 'strong showing' of likelihood of success on the merits (including continuing infringement), it is entitled to a presumption of irreparable harm." (citations omitted)). As discussed *infra*, there is a strong likelihood that Plaintiff will succeed on the merits of its claims. This factor therefore favors granting the TRO.

### 2. Harm to Defendant

Defendant is unlikely to suffer any cognizable harm from the TRO, as it will merely be prevented from profiting from past counterfeiting and infringement and from moving their funds beyond the reach of this Court. *See Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008) (holding that any harm a defendant would suffer by being prevented from deliberately infringing a plaintiff's trademark does not alter the balance of hardship analysis). This factor thus weighs in favor of granting the TRO.

### 3. Likelihood of Success on the Merits

Plaintiff is similarly likely to succeed on the merits of its patent infringement claims. To prevail on a claim for patent infringement, a plaintiff must establish that (1) it will likely prove that the defendant infringed one or more claims of the patents-in-suit and (2) that at least one of those same allegedly infringed claims will also likely withstand validity challenges presented by the defendant. *AstraZeneca LP v. Apotex, Inc.,* 633 F.3d 1042, 1050 (Fed. Cir. 2010).

Here, Plaintiff is the exclusive owner of two Asserted Patents that protect its meat grinding Products. Dkt. 1 ¶ 5, 49, 71. Plaintiff further alleges that Defendant is "shipping, distributing,

5

advertising, marketing, using, importing, offering to sell, and selling Accused Products through the Amazon Retail Platform that infringe on the Asserted Patents." Dkt. 6 at 3.

Plaintiff has also included in its Complaint URLs linking to the Accused Products that demonstrate their similarity to Plaintiff's Products. Dkt 1 ¶ 44. Each of the Accused Products "in their entirety are substantially similar to the Asserted Patents." Dkts. 8-9. Further, upon review of the record currently before it, the Court presently cannot identify validity challenges that the infringed claims will not be able to withstand. Plaintiff is therefore likely to succeed on the merits of her patent infringement claim.

### 4. Public Interest

Finally, a TRO that freezes Defendant's assets serves the public interest rather than harms it. In patent cases, "the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *EyeTicket Corp. v. Unisys Corp.*, 155 F. Supp. 2d 527, 550 (E.D. Va. 2001) (citing *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1458 (Fed. Cir. 1988)). The Court cannot identify any critical public interest that would be adversely affected by the issuance of a temporary restraining order freezing Defendant's assets within their Amazon.com account. Moreover, the Fourth Circuit has recognized a "public interest in making [] infringing misconduct unprofitable." *Synergistic Int 7, LLC v. Korman*, 470 F.3d 162, 176 (4th Cir. 2006). Accordingly, this factor therefore also counsels in favor of granting the TRO.

### C. Security Bond

In addition, courts "may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A district court has discretion to set the bond amount where it deems proper, but "it is not free to disregard the bond requirement altogether." *Hoechst Diafoil Co.*, 174 F.3d at 421. The Court determines that Plaintiff should post a bond in the amount of $5,000.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion (Dkt. 5) is GRANTED; and it is

FURTHER ORDERED that Amazon.com shall freeze all accounts associated with Defendant as identified in Paragraph 8 of the Verified Complaint and restrain and enjoin the transfer of any monies held in such accounts until further order by this Court; and it is

FURTHER ORDERED that Plaintiff shall post bond in the amount of $5,000 with respect to the temporary restraining order granted herein to be taken in by the Clerk's office to go into a non-interest-bearing account pursuant to Federal Rule of Civil Procedure 65(c); and it is

FURTHER ORDERED that this temporary restraining order shall remain in effect until October 30, 2025; and it is

FURTHER ORDERED that a preliminary injunction hearing be set for October 30, 2025 at 10:30 a.m.

It is SO ORDERED.

Alexandria, Virginia
October 17, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge