IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Xu'e Chen, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-1576 (RDA/LRV) |
| ) | |
| guangzhoushimeilinbianlidianyouxian ) | |
| -gongsi ) | |
| ) | |
|    Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to 15 U.S.C. § 1116, 35 U.S.C. § 283, and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Xu'e Chen ("Plaintiff") respectfully moves this Court to convert the Temporary Restraining Order ("TRO") entered on October 2, 2025 into a preliminary injunction.[1]

Specifically, for the reasons stated herein, Plaintiff respectfully requests that the Court convert the TRO into a preliminary injunction (a) enjoining Defendant guangzhoushimeilinbianlidianyouxiangongsi (Amazon Seller ID ASBILRM7NL563) and Amazon.com from continuing to sell the Accused Products (identified as ASIN B0DPYNW5Y7,

---

[1] On October 14, 2025, the undersigned counsel instructed a third-party hand courier service to deliver this Motion and supporting Memorandum to the Court. The undersigned counsel received confirmation from the third-party service the its filings were received by the Court and also received a file-stamp copy. At the time, the case was still under seal and the undersigned counsel did not receive any electronic file confirmation. On October 27, 2025, the undersigned counsel discovered that there was no ECF entries corresponding to the Motion and Memorandum and confirmed that the Clerk's office had no current record of its October 14, 2025 filings. This Motion and the supporting Memorandum are the same in substance as the October 14, 2025 filings except (a) they have been re-dated; (b) the "FILED UNDER SEAL" designation has been removed; (c) the caption and body reflect the unsealed party names consistent with the Amended Verified Complaint (ECF No. 24) authorized by the Court; and (d) a certificate of service has been added.

1

B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY) and (b) ordering Amazon.com to continue to freeze all accounts associated with Defendant and restrain and enjoin the transfer of any monies held in such accounts until further order by this Court.

I. **PROCEDURAL STATUS**

Plaintiff filed this action on September 19, 2025, asserting claims for design patent infringement under 35 U.S.C. § 271 against Defendant Unknown Entity ("Defendant") (associated with Amazon Seller ID ASBILRM7NL563) based on its sale of infringing meat-grinder products through the Amazon Retail Platform. (ECF No. 1, ¶¶ 1–2, 8, 11–12, 16–17, 40–44, 52).[2] Concurrently, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order supported by its Verified Complaint and accompanying exhibits showing that Defendant "illegally promotes, advertises, offers to sell, and sells the Accused Products that practice the Asserted Patents through its Accused Webstores on the Amazon Retail Platform." (TRO Memo. at 5).

On October 2, 2025, after reviewing the sealed TRO papers and accompanying evidence and holding a hearing, this Court entered a Memorandum Order Granting Temporary Restraining Order ("TRO") that enjoined the sale of Accused Products and also ordering that "Amazon.com shall freeze all accounts associated with [Defendant] and restrain and enjoin the transfer of any monies held in such accounts until further order by this Court." (TRO at 7). The Court found that Plaintiff had met the standards for temporary injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). (*Id.* at 3-6).

Following entry of the TRO, Plaintiff promptly posted the bond required by the Order, and then served Amazon.com with the TRO. Amazon executed the TRO by disabling the sale of

---

[2] Because the docket is currently sealed, Plaintiff has limited insight into the ECF Nos. for the filings in this case. Where possible, Plaintiff refers to known ECF Nos., and in other instances Plaintiff refers to the filing descriptively.

Accused Products (ASIN B0DPYNW5Y7, B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY). Amazon informed Plaintiff that it was providing to Defendant the contact information for Plaintiff's counsel. As of the filing of this Motion, Plaintiff and its counsel have not received any communications from Defendant or its counsel. Plaintiff has also been informed by the Clerk's Office that the Court has granted its *Ex Parte* Motion for Expedited Discovery and Ex Parte Motion for Email Service, but has not received copies of these rulings.[3] Thus, Plaintiff has not yet served a subpoena on Amazon to obtain the true identity of Defendant. Accordingly, Plaintiff does not yet have the means to notify the Defendant of this Action or this Motion at present, but will do so promptly once it serves the subpoena on Amazon and receives Amazon's response.

Plaintiff now seeks conversion of the existing TRO into a preliminary injunction consistent with the Court's guidance and to preserve the status quo pending final resolution of this Action.

## II.    STATEMENT OF FACTS

### A.    Plaintiff and the Asserted Patents

Plaintiff owns and operates a trading company located in Guangdong, China that designs, markets, and sells high-quality kitchen tools, including the patented meat-grinder products at issue. (ECF No. 1, ¶¶ 4–7, 22–26, 32). Plaintiff is the assignee of United States Design Patent No. D1,056,611 ("the 'D611 Patent") and Design Patent No. D1,080,289 ("the 'D289 Patent") (collectively, the "Asserted Patents"), each entitled "Meat Grinder." (*Id.* ¶¶ 27, 45–49, 65–71). The Asserted Patents cover the ornamental design of Plaintiff's meat-grinder products ("Plaintiff's

---

[3] When filing a sealed motion in person, Plaintiff's counsel was informed by the Clerk's staff of the two rulings, but was told that the orders were sent via first class mail. Plaintiff's counsel has not yet received these two rulings.

Covered Products"). Copies of the Asserted Patents were attached as Exhibits A and B to the Complaint. (ECF No. 1-1, 1-2).

Plaintiff's Covered Products were developed following extensive market research, design iteration, and mold tooling. (ECF No. 1, ¶¶ 23-26). They have achieved significant commercial success and consumer recognition in both Europe and the United States. (*Id.*, ¶¶ 28-30). Plaintiff sells Plaintiff's Covered Products exclusively through her own Amazon.com stores and other authorized channels, maintaining strict quality control over design and manufacture. (*Id.*, ¶ 32).

B.   **Defendant and the Accused Products**

Defendant is a Chinese entity that sells directly to U.S. consumers through Amazon.com under Seller ID ASBILRM7NL563. (*Id.*, ¶¶ 8–15). Through that account, Defendant offers for sale meat-grinder products ("Accused Products") (corresponding to ASIN B0DPYNW5Y7, B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY) that are substantially identical in overall visual impression to Plaintiff's patented designs. (*Id.,* ¶¶ 42–44, 51, 73; *see also* TRO Memo. at 12-13).

Side-by-side comparisons submitted with Plaintiff's TRO Motion show that the Accused Products appropriate every ornamental feature of the Asserted Patents, including the distinctive overall design. (TRO Memo. at 12-13; ECF No. 1-3, 1-4; ECF No. 1, ¶¶ 54-56, 76-77) Plaintiff has never licensed or authorized Defendant to use her patented designs. (ECF No. 1, ¶¶ 50, 72).

C.   **Plaintiff's Enforcement Efforts and Resulting Harm**

Before suit, Plaintiff observed declining sales and Amazon rankings for Plaintiff's Covered Products, prompting an investigation that uncovered infringing listings (*Id.*, ¶ 31). Plaintiff submitted infringement notices through Amazon's internal reporting system and sent infringement warnings identifying the Asserted Patents; some sellers ceased sales, but others continued or re-

listed under alternate names (*Id.*, ¶ 33). The influx of infringing listings caused loss of market share, price erosion, and reputational injury; Plaintiff discounted products and moved inventory to third-party warehouses to manage costs (*Id.*, ¶¶ 31-35, 62-53, 84-85).

### D. Enforcement of the TRO and Continuing Need for Relief

On October 2, 2025, the Court entered the TRO enjoining Defendant and Amazon.com from selling and offering to sell the Accused Products and ordering Amazon.com to "freeze all accounts associated with" Defendant and "restrain and enjoin the transfer of any monies held in such accounts until further order by this Court." (TRO at 7). Following entry of the TRO, Plaintiff posted the required bond and served Amazon with the TRO. After receipt of the subpoena, Amazon disabled the four Accused Products (ASIN B0DPYNW5Y7, B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY), and those listings remain inactive. The immediate harms identified in Plaintiff's TRO Motion has been halted by the TRO's execution.

Given the prior conduct of other infringers described in the Complaint (including use of multiple storefronts and evasive tactics), (ECF No. 1, ¶¶ 31-44). there remains a realistic risk that infringing sales could resume if the TRO lapses. Converting the TRO to a preliminary injunction will maintain the existing marketplace status quo, prevent reactivation or migration of infringing listings, and protect the public interest while this case proceeds (*Id.*, ¶¶ 10–11, 31–35, 62-63, 84-85; TRO Memo. at 6-7, 15-16).

## III. ARGUMENT

### A. Jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. (ECF No. 1, ¶¶ 16-17). Personal jurisdiction is proper because Defendant has purposefully directed infringing sales into the United States, including to residents of Virginia, through the Amazon Retail Platform

(*Id.*, ¶¶ 18-19). Defendant has offered for sale and sold the Accused Products to U.S. customers, including those located within this District, satisfying 35 U.S.C. § 271(a). (*Id.*).

Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3), (ECF No. 1 ¶¶ 20), which provides that a defendant not resident in the United States may be sued in any judicial district, and under § 1400(b). *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972). Because Defendant is a foreign entity, venue is proper in this District because the Court may exercise personal jurisdiction over them. (ECF No. 1, ¶¶ 9–11, 27–28).

## B. LEGAL STANDARD

A preliminary injunction issues where the movant shows (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent relief, (3) the balance of equities tips in the movant's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024) ("To obtain a preliminary injunction, a party must establish likelihood of success on the merits, likelihood it will suffer irreparable harm absent preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest.").[4] "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations and quotations omitted).

### 1. Likelihood of Success on the Merits

Plaintiff is likely to succeed on her design-patent claims. A design patent is infringed when "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs

---

[4] The Federal Circuit reviews preliminary injunction rulings under the law of the regional circuit, but has noted that "the Federal Circuit has itself built a body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases, and gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues." *Natera*, 106 F.4th at 1374–75 (citations omitted).

are substantially the same." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc); *see also Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). The inquiry should be viewed in the context of the prior art. *Egyptian Goddess*, 543 F.3d at 678. The Verified Complaint and TRO memorandum include side-by-side comparisons showing that the Accused Products present the same overall visual impression as the 'D611 and 'D289 Patents (ECF No. 1 ¶¶ 48–61, 74-83, 94–102; ECF No. 1-3, 1-4; TRO Memo. at 7-11). Plaintiff's TRO motion included the prior art. (ECF No. 5-1, 5-2). The Court credited that showing at the TRO stage finding a likelihood of success and that Plaintiff had made a "strong showing on the merits." (TRO at 12-15). Nothing in the current record undermines those findings.[5]

### 2. Irreparable Harm

Pre-TRO, Defendant's Amazon sales caused lost market share, ranking deterioration, and damage to goodwill—classic harms not readily compensable in damages. *See*, *e.g.*, *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551–52 (4th Cir. 1994) (reasoning that "injury not quantifiable … is irreparable"). Patent cases recognize the same principle: loss of goodwill and brand erosion can establish irreparable harm. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362 (Fed. Cir. 2008) (loss of revenue and market share are evidence of irreparable harm); *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,* 237 F.3d 1359, 1368 (Fed. Cir. 2001) (likelihood of price erosion and loss of market position are evidence of irreparable harm); *Bio–Tech. Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553, 1566 (Fed. Cir. 1996) (loss of revenue, goodwill, and research and development support constitute irreparable harm); *Polymer Techs., Inc. v. Bridwell,* 103 F.3d 970, 975–76 (Fed. Cir. 1996) (loss of market opportunities

---

[5] Plaintiff reserves the rights to address any arguments raised by Defendant should it have their counsel make appearances and oppose this Motion.

cannot be quantified or adequately compensated, and is evidence of irreparable harm). The Complaint and TRO memorandum document these harms (ECF No. 1 ¶¶ 31-33, 59, 81, 93, 102; TRO Memo. at 12-15). Although Amazon has disabled the selling of Accused Products under the TRO, the lasting effects (lost ranking/visibility and customer diversion) persist absent continued relief.

### 3. Balance of Equities

The equities favor maintaining the status quo created by the TRO. Plaintiff seeks only to prevent resumed infringing sales; Defendant has no legitimate interest in continued infringement. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988) (finding preliminary injunction appropriate even when district court found balancing neutral); *EyeTicket Corp. v. Unisys Corp.*, 155 F. Supp.2d 527, 550 (E.D. Va. 2001) ("Plaintiff relies exclusively on this technology for its livelihood and may go out of business without relief, the Defendant proffers no evidence that it will suffer substantial hardship if the preliminary injunction does issue."). The TRO memorandum explained why the equities weigh in Plaintiff's favor. (TRO Memo. at 15-18; *see also* ECF No. 1 ¶¶ 31–33, 59, 81, 93, 102).

### 4. Public Interest

1. Enforcing valid patent rights and preventing consumer confusion serve the public interest. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 176 (4th Cir. 2006) (public interest in making infringement unprofitable); *EyeTicket*, 155 F. Supp. 2d at 548 (recognizing public interest in "enforcing patents only to the limit of their claims"). Plaintiff's TRO brief articulated the same point (TRO Memo. at 18-19). The Court found this factor weighs in Plaintiff's favor. (TRO at 19-20).

### 5. Scope of Relief

Plaintiff's request to convert the TRO into a preliminary injunction merely extends the relief granted by the Court. If Defendant's assets were not frozen, the Defendant could easily withdraw its funds from the United States (and beyond the Court's jurisdiction) and with very little effort set up a new webstore on the Amazon Retail Platform. (*See* ECF No. 1, ¶¶ 33-39).

## IV. CONCLUSION

For the foregoing reasons, and for those set forth in Plaintiff's Verified Complaint (ECF No. 1), TRO Memorandum, and accompanying exhibits, Plaintiff respectfully requests that the Court convert the TRO entered on October 2, 2025 into a preliminary injunction (a) enjoining Defendant (Amazon Seller ID ASBILRM7NL563) and Amazon.com from continuing to sell the Accused Products (identified as ASIN B0DPYNW5Y7, B0DPYZ4MLV, B0DPZ1Q25C, and B0DPYXTCGY) and (b) ordering Amazon.com to continue to freeze all accounts associated with Defendant and restrain and enjoin the transfer of any monies held in such accounts until further order by this Court.

Dated: October 27, 2025

Respectfully submitted,

By: */s/ Brian M. Koide*
Brian M. Koide (VSB No. 46329)
bkoide@mwzb.com
MILLEN, WHITE, ZELANO & BRANIGAN, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Tel: 703-243-6333
Fax: 703-243-6410
Attorney for Plaintiff Xu'e Chen

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of October 2025, I electronically filed the foregoing document to the Clerk of the Court, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are authorized to receive electronic Notices of Electronic Filing. I also certify that I emailed the foregoing to the following to Defendant guangzhoushimeilinbianlidianyouxiangongsi using the following email: meilinbianli@163.com.

                                                  By:    /s/ Brian M. Koide
                                                              Brian M. Koide