IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| XU'E CHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Acton No. 1:25-cv-1576 (RDA/LRV) |
| | ) | |
| GUANGZHOUSHIMEILINBIAN-LIDIANYOUXIANGONGSI, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Xu'e Chen's ("Plaintiff") Motion for a Preliminary Injunction ("Motion"). Dkt. 25. Considering the Motion together with the Memorandum in Support, Dkt. 26, as well as argument heard during the October 30, 2025 hearing, *see* Dkt. 31, this Court GRANTS Plaintiff's Motion for the reasons that follow.

I. BACKGROUND

Plaintiff seeks a Preliminary Injunction extending the relief previously granted in this Court's October 9, 2025 Temporary Restraining Order ("TRO"). Dkt. 12. Plaintiff asserts that she brought the instant action "to stop the online sale of infringing goods" (collectively the "Accused Products") that resemble Plaintiff's meat grinders (the "Products") for which Plaintiff owns various patents, including: (i) U.S. Patent No. D1,056,611 ("the 'D611 Patent") titled "Meat Grinder," and (ii) U.S. Patent No. D1,080,289 ("the 'D289 Patent") also titled "Meat Grinder" (collectively "the Asserted Patents"). *Id.* at 1; Dkt. 26 at 3-4. Plaintiff alleges that Defendant has infringed the claims of the Asserted Patents through the sale, offer, importation, shipment, distribution, and/or use of Accused Products. Dkt. 24 ¶ 40. Prior to filing her *Ex Parte* Motion for a Temporary Restraining Order, Plaintiff and her company filed intellectual property violations reports with the Amazon Retail Platform and also sent infringement warning emails to sellers who are infringing, clearly informing

them of the Asserted Patents and that they were infringing.  *Id.* ¶ 33.  Plaintiff's company sells her Products to consumers only through Plaintiff's company's webstores on the Amazon Retail Platform, and it maintains quality control standards for her Products.  *Id.* ¶ 32.  Plaintiff asserts that prior to the flood of the Accused Products into the U.S. market, sales of Plaintiff's Products represented a "significant portion" of Plaintiff's business.  *Id.*

On September 19, 2025, Plaintiff brought claims against Defendant in this Court for patent infringement.  Dkt. 1.  The same day that Plaintiff filed her Verified Complaint, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order, Dk. 5, along with a Memorandum in Support, Dkt. 6.[1] Plaintiff requested that this Court issue a temporary restraining order freezing the assets of Defendant's Amazon.com account and enjoining the transfer of any monies held in Defendant's account until further order of the Court.  *Id.*  The Court heard argument on October 1, 2025, and granted Plaintiff's request on October 2, 2025.  Dkts. 11, 12.  On October 6, 2025, Plaintiff posted the bond required by the Order.  Dkt. 13.  Plaintiff then served Amazon.com with the TRO, and Amazon executed the TRO by disabling the sale of the Accused Products.  Dkt. 26 at 3.  Plaintiff asserts that Amazon informed her that it was providing Defendant the contact information for Plaintiff's counsel.  *Id.* On October 27, 2025, after receiving Defendant guangzhoushimeilinbianlidianyouxiangongsi's (formerly Unknown Entity) authenticated webstore registration email address from Amazon.com, Plaintiff served via the email the following documents: Verified Complaint (Dkt. 1), October 2, 2025 Temporary Restraining Order (Dkt. 12), Order (Dkt. 15), Amended Memorandum Opinion and Order (Dkt. 23), Amended Verified Complaint (Dkt. 24), Motion for Preliminary Injunction (Dkt. 25), Memorandum in Support of Motion for Preliminary Injunction (Dkt. 26), and Summons (Dkt. 28).  *See* Dkt. 30.  As of the filing

---

[1] Plaintiff also filed *Ex Parte* Motions for Expedited Discovery and Service of Process by Email.  Dkt. Nos. 7, 9.

of her Motion, Plaintiff had not received any communications from Defendant or its counsel. Dkt. 26 at 3. Defendant has not filed an opposition.

## II. STANDARD OF REVIEW

A motion for a preliminary injunction is subject to the requirements of Federal Rule of Civil Procedure 65. "A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Perry v. Judd*, 471 Fed. App'x 219, 223 (4th Cir. 2012) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "[G]ranting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way." *Hughes Network Sys. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994). A grant of preliminary injunctive relief requires the movant to establish the following four factors: (1) the likelihood of irreparable harm to the plaintiff if preliminary relief is denied; (2) the likelihood of harm to the defendants if the preliminary injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter*, 555 U.S. at 20.

## III. ANALYSIS

A review of the factors set forth in *Winter* establishes that Plaintiff has satisfied its burden to obtain a preliminary injunction. The Court analyzes each of the necessary elements below.

### A. Jurisdiction

As a threshold matter, the Court finds that personal jurisdiction is appropriate over Defendant because it purposefully targeted its business activities towards consumers in Virginia. Dkt. 24 ¶ 18-19. This action stems from the Defendant selling counterfeit products through the Amazon Retail Platform and shipping them to buyers in the United States, including residents of Virginia. *Id.* ¶ 14. The Court also concludes that it has subject-matter jurisdiction over the instant action because the claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## B. Preliminary Injunction

Having reviewed the papers and exhibits filed in support of Plaintiff's Motion, the Court hereby makes the following findings.

### 1. Likelihood of Irreparable Harm

Defendant offers counterfeit copies of Plaintiff's Products, which irreparably harms Plaintiff by damaging Plaintiff's reputation, causing loss of future sales, and resulting in loss of exclusivity. Dkt. 12 at 16. Additionally, without the requested relief, Defendants may transfer funds from Amazon.com to a provider beyond this Court's jurisdictional reach, thereby depriving Plaintiff of the ability to obtain monetary relief for its injuries.

Furthermore, where the moving party clearly establishes a likelihood of success on the merits in a patent case, the prospect of irreparable harm is often presumed. *See CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 893 F. Supp. 508 (D. Md. 1995) ("[T]o the extent that the patentee 'clearly establishes' or makes a 'strong showing' of likelihood of success on the merits (including continuing infringement), it is entitled to a presumption of irreparable harm." (citations omitted)). As discussed *infra*, there is a strong likelihood that Plaintiff will succeed on the merits of its claims. This factor therefore favors granting the preliminary injunction.

### 2. Harm to Defendants

Defendant is unlikely to suffer any cognizable harm from the preliminary injunction, as it will merely be prevented from profiting from past counterfeiting and infringement and from moving its funds beyond the reach of this Court. *See Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008) (holding that any harm a defendant would suffer by being prevented from deliberately infringing a plaintiff's trademark does not alter the balance of hardship analysis). This factor thus weighs in favor of granting the preliminary injunction.

### 3. Likelihood of Success on the Merits

Plaintiff is similarly likely to succeed on the merits of her patent infringement claims. To prevail on a claim for patent infringement, a plaintiff must establish that (1) she will likely prove that a defendant infringed one or more claims of the patents-in-suit and (2) that at least one of those same allegedly infringed claims will also likely withstand validity challenges presented by the defendant. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010).

Here, Plaintiff is the inventor and sole owner of two Asserted Patents that protect its meat grinding products. Dkt. 24 ¶ 4. Plaintiff alleges that Defendant "engages in the importation, offer for sale, and sale of Accused Products. *Id.* at ¶ 15. Plaintiff has also attached to its Complaint photos of the Counterfeit Products that demonstrate their similarity to Plaintiff's Products. *Id.* Exs. A-D. Further, upon review of the record currently before it, the Court presently cannot identify validity challenges that the infringed claims will not be able to withstand. Plaintiff is therefore likely to succeed on the merits of her patent infringement claim.

### 4. Public Interest

Finally, a preliminary injunction that freezes Defendant's assets serves the public interest rather than harms it. In patent cases, "the focus of the district court's public interest analysis should be whether there exists some critical public interest that would be injured by the grant of preliminary relief." *EyeTicket Corp. v. Unisys Corp.*, 155 F. Supp. 2d 527, 550 (E.D. Va. 2001) (citing *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1458 (Fed. Cir. 1988)). The Court cannot identify any critical public interest that would be adversely affected by a preliminary injunction continuing to freeze Defendant's assets within its Amazon.com account. Moreover, the Fourth Circuit has recognized a "public interest in making [] infringing misconduct unprofitable." *Synergistic Int 7, LLC v. Korman*, 470 F.3d 162,176 (4th Cir. 2006). Accordingly, this factor therefore also counsels in favor of granting the preliminary injunction.

### C. Security Bond

In addition, courts "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A district court has discretion to set the bond amount where it deems proper, but "it is not free to disregard the bond requirement altogether." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999). The previously posted bond of $5,000 shall therefore remain posted.

### IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Preliminary Injunction (Dkt. 25) is GRANTED; and it is

FURTHER ORDERED that Amazon.com shall continue to freeze all accounts associated with Defendant identified above and restrain and enjoin the transfer of any monies held in such accounts until further order by this Court; and it is

FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), the previously posted bond of $5,000 shall remain posted with respect to the preliminary injunction granted herein.

The Clerk is directed to forward a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
November 12, 2025

/s/

Rossie D. Alston, Jr.
United States District Judge